United States District Court
for the
Southern District of Florida

| Steelers Keys, LLC and others, Plaintiffs, | ) ) ) | |
|---|---|---|
| v. | ) ) ) | Civil Action No. 19-23630-Civ-Scola |
| High Tech National, LLC and others, Defendants. | ) ) | |

**Order Transferring Case**

This matter is before the Court on the Defendants' motion to dismiss or transfer case to the Southern District of Indiana. (ECF No. 15.) The Plaintiffs filed a response (ECF No. 29) and the Defendants replied. (ECF No. 30.) Upon careful review, the Court **grants in part and denies in part** the Defendants' motion. **(ECF No. 15**.)

I.  **Background**

Defendants High Tech National, LLC ("HTN"), Automotive Key Controls LLC, ("AKC"), KAR Auction Services, Inc. ("KAR"), and Adesa, Inc. ("Adesa"), are related entities that act in concert to provide mobile automotive locksmith services, car sales, and car auctions. (ECF No. 1 at ¶ 20.) Adesa is the sole member of HTN and AKC. (*Id.* at ¶¶ 10-11.) KAR is Adesa's parent. (*Id.* at ¶ 13.) Plaintiffs Moore, Alvarez, Slinger, Garbez, and Fieler are former employees of Defendants. Plaintiff Moore is the sole member of Plaintiff Steelers Keys ("Steelers"). (*Id.* at ¶ 3.) In this lawsuit, the Plaintiffs are suing the Defendants ("the Company") for violations of the computer fraud and abuse act, breach of contract, tortious interference with business relationships, deceptive and unfair trade practices, trespass, unjust enrichment, and various declaratory judgments regarding the former employees' contract obligations and conduct. (*Id.* at 15-27.) The Plaintiffs' claims arise out of the Company's employment agreements which contained certain restrictive covenants and confidentiality provisions. (*Id.* at ¶ 30.)

In the related case, currently pending in the Southern District of Indiana, *HTL, et al. v. Weiner, et al.*, No. 19-cv-2489, HTN and AKC sued their former employees and Steelers (all Plaintiffs in the Florida case) based on the same conduct and events alleged in the complaint before this Court. The Plaintiffs in the Indiana action (Defendants here) assert claims for breach of contract, breach of fiduciary duty, tortious interference with contractual relationships, tortious

interference with business expectancy, unfair competition, conversion, and violations of the computer fraud and abuse act. *HTL, et al. v. Weiner, et al.* 19-cv-2489, ECF No. 32 (S.D. Ind. Aug. 22, 2019).

## II. Analysis

The Defendants now move to transfer or dismiss this case in favor of the Indiana case—the first filed case. (ECF No. 15 at 15.) The Defendants argue that the first-to-file rule requires the Court to dismiss or transfer because this case and the Indiana lawsuit involve nearly identical parties, transactions, agreements, facts, and legal claims. (*Id.*) In response, the Plaintiffs argue that because the Florida case involves two additional defendants (Adesa and KAR) and one additional plaintiff (Fieler), the first-to-file rule does not apply. (ECF No. 29 at 12.) The Plaintiffs also argue that the legal issues do not substantially overlap. (*Id.* at 13.) According to the Plaintiffs, the Indiana lawsuit is not the "first filed" action because HTL sued Steelers in Florida on June 20, 2019, making that case the "first filed" action. (*Id.*) That case has since been voluntarily dismissed. *See High Tech National LLC v. Steelers Keys LLC*, No. 19-cv-22552, ECF No. 27 (S.D. Fla. Aug. 16, 2019) (King, J.).

On November 27, 2019, the Plaintiffs filed a notice of supplemental authority informing the Court that the Southern District of Indiana entered an order transferring the Indiana case to the Southern District of Florida. (ECF No. 39.) The Defendants argue that the transfer order has no bearing on their pending motion to dismiss or transfer because it was entered by Magistrate Judge Dinsmore and is not final. (ECF No. 40.) The Defendants assert that they plan to object to the Magistrate Judge's order in Indiana.

"Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). "All that need be present is that the two actions involve closely related questions or common subject matter . . . The cases need not be identical to be duplicative." *Strother v. Hylas Yachts, Inc.*, No. 12-80283, 2012 WL 4531357, at *2 (S.D. Fla. Oct. 1, 2012) (Hurley, J.). "[O]nce the court determines that the two suits likely involve substantial overlap, it is no longer up to the second-filed court to resolve the question of whether both should be allowed to proceed." *In re Checking Account Overdraft Litigation*, 859 F. Supp. 2d 1313, 1325 (S.D. Fla. 2012) (King, J.). "Rather, the proper course of action is for the court to transfer the case to the first-filed court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *Id.* (citations and quotations omitted). "Moreover, we require that the party objecting to jurisdiction in the

first-filed forum carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Manuel*, 430 F.3d at 1135.

The Court finds that the first-to-file rule applies. The Indiana action was filed first, on June 20, 2019. The Florida action was filed on August 29, 2019. (ECF No. 1.) The two lawsuits substantially overlap. In the Indiana action, HTL and AKC are suing their former employees for deceptive trade practices, including diversion of funds, equipment, and inventory for the purpose of competing and harming HTL and AKC's business. *See HTL, et al. v. Weiner, et al.*, No. 19-cv-2489 at ECF No. 32. HTL and AKC allege that their former employees violated their non-compete and non-disclosure agreements and misappropriated HTL's documents, data, and information. (*Id.* at 2-3.) In the Florida action, the former employees are suing HTL, AKC, and their corporate parents (Adesa and KAR). (ECF No. 1.) Here, the employees challenge the restrictive covenants in their employment agreements arguing that they are overly broad and improperly restrictive. (*Id.* at ¶ 32.) These are the same agreements at issue in the Indiana lawsuit. The Florida lawsuit also includes allegations related to Moore's formation of a competing business, Steelers. (*Id.* at ¶ 38.) On March 22, 2019, Steelers entered into a lease agreement with HTL. The parties dispute the validity of this lease in both lawsuits. Compare *HTL, et al. v. Weiner, et al.*, No. 19-cv-2489 at ECF No. 32 ¶¶ 9-10 and ECF No. 1 at ¶ 62. The only unique legal issue identified by the Plaintiffs in their opposition is Fieler's count for unjust enrichment. (ECF No. 29 at 13.) In the Florida action, Fieler sues the Defendants for their unjust enrichment from using credit cards issued in Fieler's name. Fieler is not named in the Indiana action. The Court will not allow the inclusion of one additional Plaintiff to defeat the strong presumption in favor of the first-filed case.[1]

The Plaintiffs have not presented compelling reasons to defeat the first-to-file rule. The Plaintiffs argue that the Indiana lawsuit is not the first-filed case because HTL sued Steelers in the Southern District of Florida before the Indiana action. (ECF No. 29 at 13.) The case referenced by Plaintiffs, *High Tech National LLC v. Steelers Keys LLC*, No. 19-cv-22552, ECF No. 27 (S.D. Fla. Aug. 16, 2019) (King, J.), was voluntarily dismissed. When a case is voluntarily dismissed, it is not considered the first filed case. *See Ambient Healthcare, Inc. v. Columbia*

---

[1] Jay Weiner, the former owner of HTL and AKC, is a defendant in the Indiana action but not a party in this case. Weiner, however, sued HTL, AKC, Adesa, and KAR on September 17, 2019 in the Southern District of Florida. *See* Case No. 19-cv-23884-UU. Judge Ungaro recently granted the Defendants' motion to transfer to the Southern District of Indiana based on the first-to-file rule. (*Id.* at ECF No. 35.)

*Casualty Co.*, No. 12-61054, 2012 WL 12864330, at *5 (S.D. Fla. Dec. 12, 2012) (Rosenbaum, J.).

The Plaintiffs also argue that the Defendants have engaged in forum shopping because they first sued Steelers in Florida. On June 20, 2019, HTL sued Steelers in the Southern District of Florida regarding a lease agreement. Case No. 19-cv-22552-JLK. On the same day, HTL and AKC sued Wiener in the Southern District of Indiana for conspiring and competing against HTL and AKC. According to Defendants, at the time they filed the two separate actions, they did not know that the Steelers lease agreement was part of the larger Wiener conspiracy. Once they discovered the extent of the conspiracy, they dismissed the Florida lawsuit and moved to amend the Indiana lawsuit to add Steelers and the former employees. The Court finds that this does not rise to the level of improper forum shopping cited by Plaintiffs. Plaintiffs' cases include situations in which a plaintiff voluntarily dismissed a case after transfer and then refiled against the same parties in the transferor district with additional jurisdictional facts. (ECF No. 29 at 15 (citing *Farm Boy Co-Op & Feed Co., LLC v. Red River Clothing, Inc.*, 2010 WL 935747 (D. Minn. March 12, 2010))). Nor is this a case in which the Plaintiffs voluntarily dismissed after learning which judge was assigned to the case. (*Id.* (citing *Am. Newland Communities, LP v. Axis Specialty Ins. Co.*, 2011 WL 5359335 (S.D. Cal. Nov. 7, 2011))). HTL and AKC's decision to pursue all claims in one lawsuit and resolve all issues on a global basis promotes judicial economy and preserves finite judicial resources.

The Plaintiffs assert that the traditional § 1404 factors militate against transfer. (ECF No 29 at 17.) The Plaintiffs, however, fail to cite a case in which the first-to-file rule was defeated by a venue analysis under the § 1404 factors. Defendants often move, on an alternative basis, to transfer under § 1404. In such cases, courts decline to address the § 1404 factors when the first-to-file rule is dispositive. *See, e.g., Women's Choice Pharmaceuticals, LLC v. Rock Pharmaceuticals, Inc.*, No. 16-62074, 2016 WL 6600438, at *5 (S.D. Fla. Nov. 8, 2016) (Bloom, J.) ("The Court declines to address Defendant's argument for transfer pursuant to 28 U.S.C. § 1404 as the application of the first-to-file rule is dispositive.). Accordingly, this Court finds that the first-to-file rule is dispositive and declines to address the § 1404 argument asserted by the Plaintiffs.

### III. Conclusion

Based on the foregoing, the Court finds that transfer to the Southern District of Indiana is warranted. Magistrate Judge Dinsmore of the Southern District of Indiana recently ruled that the first filed case should be transferred to the Southern District of Florida under § 1404. (ECF No. 39-1.) HTL and AKC

intend to object to the Magistrate Judge's Order. (ECF No. 40.) Because the Magistrate Judge's order is not yet final, the Court will move forward with the transfer of this case.

Accordingly, the Court **grants in part and denies in part** the Defendants' motion. (**ECF No. 15**.) The Defendants' motion to transfer is **granted.** In all other respects, the motion is denied without prejudice to being renewed in the transferee court.

The Clerk of Court is **DIRECTED TO TRANSFER** this action to the United States District Court of the Southern District of Indiana. The Clerk shall **close** this case following transfer. All pending motions, if any, are **denied** as moot.

**Done and ordered**, at Miami, Florida, on December 3, 2019.

Robert N. Scola, Jr.
United States District Judge